IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STACY JONES                                                                PETITIONER

v.                                                                         No. 1:13CV45-D-A

OKTIBBEHA COUNTY, ET AL.                                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Stacy Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). Jones has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition dismissed as untimely filed.

### Facts and Procedural Posture

On August 4, 2011, after pleading guilty to possession of cocaine in the Circuit Court of Oktibbeha County, Mississippi, Petitioner Jones was sentenced as a habitual offender to serve a term of eight (8) years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. §99-35-101. On January 4, 2012, Jones signed a letter, which was filed in the Oktibbeha County Circuit Court as a petition for post-conviction relief. On April 23, 2012, the circuit court dismissed Jones' petition. The docket of the Mississippi Supreme Court, as available on that court's website, does not reflect that Jones ever filed any appeal of the circuit court's dismissal of her petition.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Jones' judgment thus became final on August 4, 2012, one year after she was sentenced on her guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Because this pleading was filed prior to the expiration of the federal limitations period, Jones is entitled to statutory tolling for the pendency of this petition, a total of 110 days (January 4, 2012, through April 23, 2012). As such, Jones' *habeas corpus* petition was due in this ourt on or before November 22, 2012 (August 4, 2012, plus 110 days). As Jones did not appeal the dismissal of her state application for post-conviction relief, she is not entitled to any further statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district

court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 3, 2013, and the date it was received and stamped as "filed" in the district court on March 6, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 101 days after the November 22, 2012, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of November, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE